1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

DAVID NOSAL,

        Defendant.
_____/

No. CR-08-0237 EMC

**ORDER RE DEFENDANT'S MOTION TO COMPEL AND DEFENDANT'S REQUEST FOR ADDITIONAL *BRADY* MATERIALS**

**(Docket Nos. 341, 355)**

     In a sur-reply on Korn/Ferry's motion to quash Defendant's Rule 17(c) subpoena for various documents, Defendant raised for the first time an argument that the government is obligated to provide materials in the possession of Korn/Ferry. Docket No. 341. He argued that because Korn/Ferry had worked closely with the government in the course of investigating the activities that form the basis for the indictment here, the government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) extend to materials in Korn/Ferry's possession. Defendant has also now filed a motion to compel production of certain witness statements from Korn/Ferry's internal investigation. As Korn/Ferry has asserted that these documents are protected by attorney work product privilege and attorney/client privilege, Defendant seeks *in camera* review of the documents to determine which, if any are privileged. He also renews his *Brady* argument, arguing that the government must produce these documents.

//

//

//

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20  21  22  23  24  25  26  27  28

## I.    FACTUAL & PROCEDURAL HISTORY

On March 1, 2013, Magistrate Judge Cousins granted in part Defendant's motion for a subpoena duces tecum under Federal Rule of Criminal Procedure 17(c).  Docket No. 308.  Among the requests that Judge Cousins granted was Defendant's Request 2, which asked for:

> Copies of all previous statements or interviews of any anticipated government witnesses in this case, including but not limited to any video tapes, transcripts, declarations, letters or memoranda, regardless whether these statements were given to Korn/Ferry staff, Korn/Ferry's attorneys or Korn/Ferry's private investigators in this matter.

Docket No. 275-3 at 3 of 6.  Judge Cousins found that the information requested was material to Defendant's defense, and ordered that Korn/Ferry produce them.  Docket No. 308 at 9.  The order provides that if any of the documents are privileged as work product or products of the attorney/client relationship, Korn/Ferry must produce a privilege log indicating the basis for withholding those documents.  *Id.*  Though Korn/Ferry later filed objections to Judge Cousins' order and requested the subpoena be quashed as to many of the requests, it did not challenge the ruling on Request 2.  Docket No. 322.  At the pre-trial conference in this matter, however, it became clear that Korn/Ferry had not yet provided a detailed privilege log to Defendant as to the various requests in the subpoena, and the Court ordered Korn/Ferry to do so.

On March 29, 2013, Korn/Ferry produced a privilege log to Defendant that identified seven documents responsive to Request 2 that Korn/Ferry claimed were privileged.  Docket No. 355 Ex. 1.  These include internal interview notes regarding interviews with Michael Louie, Jacqueline Froehlich-L'Heureaux, Mark Jacobson, Becky Christian, and Gia Scinto which Korn/Ferry claims are covered by attorney work product privilege.  The documents also include internal interview memoranda regarding the interviews of Mark Jacobson and Gia Scinto.  All documents were created by an attorney at O'Melveny & Meyers, Korn/Ferry's counsel.  All were created in preparation for a related civil arbitration, a related civil court case, or both.

## II.    DISCUSSION

Defendant argues that both the government and Korn/Ferry are required to produce the information that he seeks.  He argues that the government is obligated to provide the information

2

1  under *Brady*, and that Korn/Ferry is obligated to provide the information because the privileges they

2  assert must give way to his need for the documents, and that Korn/Ferry has waived those privileges

3  in any case.

4

5  A.    Government's Obligation to Disclose Korn/Ferry Materials

6        Defendant argues that Korn/Ferry was effectively a member of the prosecution team, and

7  thus the government is obligated to obtain and produce witness interviews in Korn/Ferry's

8  possession pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).  The parties do not dispute the

9  substantive requirements of *Brady*, but rather whether the facts at issue merit considering

10 Korn/Ferry a member of the prosecution for purposes of *Brady*.

11       Defendant's argument primarily derives from the opinion in *Kyles v. Whitley*, 514 U.S. 419,

12 437 (1995), in which the Court found "that the individual prosecutor has a duty to learn of any

13 favorable evidence known to the others acting on the government's behalf in the case, including the

14 police."  However, *Kyles* does not address whether a private actor may be considered to have

15 "act[ed] on the government's behalf" for purposes of the government's *Brady* obligations.

16 Defendant points to no law suggesting that a private actor may be considered part of the prosecution

17 team for purposes of *Brady*.  Both *Skinner v. Railway Labor Exec.'s Ass'n*, 489 U.S. 602, 614

18 (1989), and *United States v. Young*, 153 F.3d 1079, 1080 (9th Cir. 1998), are inapposite, as they deal

19 with whether private actors' conduct may fall within the Fourth Amendment ban on unlawful search

20 and seizure.  Other cases cited by Defendant did not consider whether private actors may be

21 considered to have acted on the government's behalf for purposes of *Brady*.  *See U.S. v. Stewart*, 433

22 F.3d 273 (2d Cir. 2006) (considering only government agents); *Benn v. Lambert*, 283 F.3d 1040,

23 1053 (9th Cir. 2002) (considering when information is known to "another prosecutor"); *Carriger v.*

24 *Stewart*, 132 F.3d 463, 479 (9th Cir. 1997) (considering only "information known to other agents of

25 the government," notably, a witness's corrections file bearing on his credibility).

26       In fact, there is ample law finding that private actors cannot "act[] on the government's

27 behalf" for purposes of the government's *Brady* obligations.  *See, e.g.*, *U.S. v. Josleyn*, 206 F.3d 144,

28 153-54 (1st Cir. 2000) ("While prosecutors may be held accountable for information known to

police investigators, we are loath to extend the analogy from police investigators to cooperating private parties who have their own set of interests") (citing *Kyles*, 514 U.S. at 437-38); *Sleeper v. Spencer*, 453 F. Supp. 2d 204 (D. Mass. 2006) ("Petitioner cites no well-established law to show that a private vendor, no matter how much business he conducts with the state, is a member of the prosecution team to whom a duty to disclose extends."); *U.S. v. Zinnel*, No. CR-11-0234 MCE, 2011 WL 6825684, at *2 (E.D. Cal. Dec. 28, 2011) ("a private trustee is simply not a governmental agent, or member of the prosecution team, so as to create any further duty in that regard"); *U.S. v. Tomasetta*, No. CR-10-1205 PAC, 2012 WL 896152, at *4 (S.D.N.Y. Mar. 16, 2012) ("Documents in the hands of cooperating third parties are not attributable to the Government."); *U.S. v. Gray*, 731 F. Supp. 2d 810, 822 (N.D. Ind. 2010) (the private vendor providing data storage for state Medicaid agency likely "would not be considered part of the prosecution team since it is not a government agency but a third-party source to the government."). At least two circuits have held that "the availability of information is not measured in terms of whether the information is easy or difficult to obtain but by whether the information is in the possession of *some arm of the state*." *See United States v. Perdomo*, 929 F.2d 967, 971 (3d Cir. 1991) (emphasis added); *see also Crivens v. Roth*, 172 F.3d 991, 997-98 (7th Cir. 1999).

Defendant has set forth no basis for straying from the general consensus that private actors may not "act[] on the government's behalf" for the purposes of determining the government's *Brady* disclosure obligations. Thus, his arguments on this front lack merit, and the Court finds that the government's *Brady* obligation does not require it to seek out documents in Korn/Ferry's possession of which it has no knowledge. This does not, however, excuse the government from complying with its *Brady* obligations with respect to information it possesses regarding documents created in the course of the Korn/Ferry investigation, whether by Korn/Ferry or by the government.

B.     Korn/Ferry's Asserted Privilege

Defendant argues that the privileges asserted by Korn/Ferry over the disputed documents are not absolute, and that he is entitled to production of the documents because of his substantial need for the materials. Additionally, he argues that Korn/Ferry has waived its privilege by providing the

documents to the government or its board of directors.  Finally, he argues that his Sixth Amendment right to confront witnesses trumps any privilege asserted by Korn/Ferry.  Defendant requests an order compelling Korn/Ferry to produce the documents, or in the alternative, he requests that the Court conduct an *in camera* review to determine whether the documents are privileged.

As the trial is swiftly approaching, and as the determination of whether the documents are privileged, and of whether any waiver or exception exists, is fact dependent, Korn/Ferry is **ORDERED** to submit copies of the seven documents to this Court under seal by 11:00 a.m. on Thursday, April 4, 2013.

IT IS SO ORDERED.

Dated:  April 3, 2013

_____
EDWARD M. CHEN
United States District Judge