MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

KYLE F. WALDINGER (ILBN 6238304)
MATTHEW A. PARRELLA (NYBN 2040855)
Assistant United States Attorneys

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-Mail:    kyle.waldinger@usdoj.gov
                  matthew.parrella@usdoj.gov

JENNY C. ELLICKSON (DCBN 489905)
Trial Attorney

    U.S. Department of Justice
    1301 New York Avenue., Suite 600
    Washington, DC 20530
    Telephone: (202) 305-1674
    Fax: (202) 514-6113
    E-mail: jenny.ellickson@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 08-0237 EMC |
| Plaintiff, | ) | **JOINT SUBMISSION REGARDING JURY INSTRUCTIONS** |
| v. | ) | |
| DAVID NOSAL, | ) | Trial Date: April 8, 2013, 8:30 a.m. |
| Defendant. | ) | Court: Hon. Edward M. Chen |

As requested by the Court during the 1 p.m. hearing on April 17, 2013, the United States and the defendant have conferred about a few remaining jury instruction issues and now jointly propose the following instructions for the irrelevance of the non-competition covenant, Count Five, Count Six, and the definition of trade secrets.

JOINT SUBMISSION REGARDING JURY INSTRUCTIONS
CR 08-0237 EMC

1 | DATED: April 18, 2013

Respectfully submitted,

MELINDA HAAG
United States Attorney

_____/s/_____
KYLE F. WALDINGER
MATTHEW A. PARRELLA
Assistant United States Attorneys

_____/s/_____
JENNY C. ELLICKSON
Trial Attorney

JOINT SUBMISSION REGARDING JURY INSTRUCTIONS
CR 08-0237 EMC                    -2-

**IRRELEVANCE OF NON-COMPETITION COVENANT**

You have heard testimony from some witnesses that Mr. Nosal entered into a non-competition covenant with Korn/Ferry when he ceased to be an employee and became an independent contractor. Whether the agreement was legal and enforceable is not relevant to the issues in this case. To the extent that any of the witnesses offered opinions to whether the defendant's conduct was a breach of any covenant or agreement with Korn Ferry, that opinion testimony must be disregarded as irrelevant to the issues you are to decide. Additionally, evidence that Mr. Nosal breached or did not breach this covenant is not relevant to the question of whether he is guilty of the crimes charged in this case.

# COUNT FIVE – THEFT OF TRADE SECRETS –
# DOWNLOAD, COPY, AND DUPLICATE

The defendant is charged in Count Five of the Indictment with downloading, copying, and duplicating trade secrets in violation of 18 U.S.C. §§ 1832(a)(2) and (a)(4). In order for the defendant to be found guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

*First*, at least one of the three "source lists" contained in United States Exhibit 58 is a trade secret, with all of you agreeing on which source list is a trade secret;

*Second*, the defendant knew that the source list was a trade secret;

*Third*, the defendant knowingly, and without authorization, downloaded, copied, or duplicated the trade secret;

*Fourth*, the defendant intended to convert the trade secret to the economic benefit of anyone other than the owner of the trade secret;

*Fifth*, the defendant knew that the offense would injure the owner of the trade secret; and

*Sixth*, the trade secret was related to or was included in a product that was produced for or placed in interstate or foreign commerce.

For purposes of Count Five, it is the three "source lists" contained in United States Exhibit 58, not Searcher itself, that are alleged to constitute a trade secret.

**COUNT SIX– THEFT OF TRADE SECRETS –**

**RECEIVE AND POSSESS**

The defendant is charged in Count Six of the Indictment with receiving and possessing trade secrets in violation of 18 U.S.C. §§ 1832(a)(3) and (a)(4). In order for the defendant to be found guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

*First*, at least one of the three "source lists" contained in United States Exhibit 58 or the information regarding CFOs contained in United States Exhibit 60 is a trade secret, with all of you agreeing on which source list or information is a trade secret;

*Second*, the defendant knew that the source list or information was a trade secret;

*Third*, the defendant knowingly received or possessed the trade secret, knowing the same to have been stolen or appropriated, obtained, or converted without authorization;

*Fourth*, the defendant intended to convert the trade secret to the economic benefit of anyone other than the owner of the trade secret;

*Fifth*, the defendant knew that the offense would injure the owner of the trade secret; and

*Sixth*, the trade secret was related to or was included in a product that was produced for or placed in interstate or foreign commerce.

For purposes of Count Six, it is the three "source lists" contained in United States Exhibit 58 and the information contained in United States Exhibit 60, not Searcher itself, that are alleged to constitute a trade secret.

**DEFINITION OF TRADE SECRET**

The term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing, if –

1. The owner thereof has taken reasonable measures to keep such information secret; and

2. The information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public.