# EXHIBIT 5

**EXHIBIT 5**



1 of 1 DOCUMENT

Copyright 2008 ALM Media Properties, LLC
All Rights Reserved
Further duplication without permission is prohibited

# CORPORATE COUNSEL

In-House Counsel (Online)
This article also appears in the following ALM publications:
Corporate Counsel

September 18, 2008 Thursday

**LENGTH:** 948 words

**HEADLINE:** Discovery Disaster Threatens to Derail Case Against Former McAfee GC

**BYLINE:** Dan Levine, Special to the recorder

**BODY:**

Ten hours before openings in the government's stock option case against a former McAfee general counsel, attorneys on both sides got a surprise: a set of previously undisclosed e-mails.

That puts a bevy of corporate lawyers in the difficult position of trying to explain the slip-up without violating attorney-client privilege, and without incurring criminal penalties.

Federal prosecutors and defense lawyers stunned the court Wednesday morning with news that McAfee had just turned over highly relevant e-mails to the government. Those documents in the case against Kent Roberts should have been produced in response to a 2-year-old grand jury subpoena, Assistant U.S. Attorney Laurel Beeler said.

Judge Marilyn Hall Patel demanded that in-house lawyers from McAfee -- along with attorneys from Howrey and Wilson Sonsini Goodrich Rosati -- show up Thursday to explain why 18 pages of e-mails weren't turned over to the government until 10:40 p.m. Tuesday night. The judge then dismissed the jury for the day so prosecutors could determine whether any other documents were withheld -- and whether the case can proceed.

Wilson Sonsini represents McAfee, and Howrey conducted the company's internal investigation.

"Somewhere or another, heads will have to roll, because this is outrageous," Patel said.

The judge may not get answers right away. Though Beeler noted that the documents were available to Howrey, the law firm may decide it needs permission from the McAfee special litigation committee to tell Patel what happened.

"If the attorneys talk at all, they will have to maneuver through tricky privilege issues involving the company and the board," said Farella Braun & Martel partner William Keane, "unless, in discussions with the government, there have already been waivers as counsel tried to explain what happened."

And if anyone withheld the e-mails intentionally, they could face criminal prosecution, added Keane, a former federal prosecutor who is not involved in the Roberts case.

Discovery Disaster Threatens to Derail Case Against Former McAfee GC In-House Counsel (Online)This article also appears in the following ALM publications:Corporate Counsel September 18, 2008 Thursday

The day began with an intense huddle between prosecutors, including Northern District criminal chief Brian Stretch, and defense lawyers from Cooley Godward Kronish. Then Patel took the bench.

"What's the problem?" she growled.

Beeler explained that over the weekend the government asked McAfee for travel records for Terry Davis, the company's former controller. McAfee produced an e-mail -- not previously disclosed -- that Roberts had received, prompting Beeler to broaden her request. That led to the 18 pages of e-mail turned over Tuesday.

According to Cooley partner Stephen Neal, the e-mails show that Davis was extensively involved in changing the date on a questionable options grant Roberts received in 2000. The defense had been planning to argue that Roberts didn't intend to commit fraud and had relied on Davis, who sanctioned the change.

While Beeler acknowledged Davis' involvement in the e-mail traffic, she also said the documents could cut both ways, in that they add more detail about the context of Roberts' grant.

Robert Gooding Jr., the Howrey partner who led the internal investigation of McAfee's options practices, did not respond to an e-mail seeking comment. Nor did Wilson Sonsini partners Boris Feldman and Rodney Strickland Jr., who work with McAfee. Feldman had been slated to be the government's first witness.

McAfee has a policy "to comply fully" with any document request, company spokeswoman Tracy Ross said Wednesday. The documents were discovered this week, she said, and immediately produced.

"McAfee is as surprised as anyone by this turn of events," she said. "We reviewed literally terabytes of data, and responded with extensive document production."

Ross was speaking on behalf of the company, not the special litigation committee. In terms of the privilege issue, Howrey gathered the data and turned it over, Ross said, so McAfee "doesn't believe we need to give permission to explain" why some were missing.

Neal was careful to note that he didn't believe prosecutors were at fault for the lapse. But the problem fuels defense contentions that the company has been engaged in a pattern of scape-goating Roberts for its broader option issues.

As an example, Neal said prosecutors had been close to indicting Roberts for another stock option grant based on incomplete information from Howrey. When the defense showed them the full documents, prosecutors backed off, Neal said.

Because these latest e-mails are so relevant to the case, their withholding could not be attributed to any kind of inadvertent behavior, Neal said.

"We said from the beginning prosecutors have been given slanted information by the company," Neal said.

In addition, McAfee's general counsel, Mark Cochran, has been leading an effort to stop paying Roberts' defense fees, Neal said. Patel indicated that Cochran should appear in court today.

McAfee director Robert Bucknam served on the special litigation committee that hired and oversaw Howrey's investigation and thus holds the attorney-client privilege. Bucknam, who was chief of staff to former FBI Director Louis Freeh for eight years, couldn't be reached for comment late Wednesday.

Even if McAfee or Bucknam don't release outside counsel from their privilege obligations, the lawyers still might be able to describe what actions they took -- so long as they don't disclose any communications with the client, said Joel Zeldin, a Shartsis Friese partner who represents several lawyers in the Qualcomm discovery mess, but no one in the Roberts case.

Case3:08-cr-00237-EMC   Document544-5   Filed05/01/14   Page4 of 6

Page 3
Discovery Disaster Threatens to Derail Case Against Former McAfee GC In-House Counsel (Online)This article also appears in the following ALM publications:Corporate Counsel September 18, 2008 Thursday

Patel could issue an order to show cause for civil sanctions -- or contempt, Zeldin said.

"It just depends on what the explanation is, and how satisfactory or unsatisfactory it is," Zeldin said.

**LOAD-DATE:** January 6, 2012

http://www.abajournal.com/news/article/judge_says_heads_have_to_roll_over_late_disclosed_mcafee_e_mails/

**Evidence**

## Judge Says 'Heads Have to Roll' Over Late-Disclosed McAfee E-Mails

Posted Sep 18, 2008 6:44 AM CDT
By <u>Debra Cassens Weiss</u>

A San Francisco federal judge is demanding that lawyers for McAfee Inc. appear at a hearing today to explain why 18 pages of corporate e-mails weren't disclosed until the eve of the backdating trial of the company's former general counsel.

The e-mails were turned over at 10:40 p.m. Tuesday after the prosecution asked for travel records for the company's former controller, the <u>Recorder</u> reports. Assistant U.S. Attorney Laurel Beeler said the documents were subpoenaed two years ago.

U.S. District Judge Marilyn Hall Patel ordered in-house lawyers from McAfee to show up at the hearing along with lawyers from Howrey and Wilson Sonsini Goodrich Rosati. Howrey conducted the company's internal backdating investigation and Wilson Sonsini represents McAfee.

"Heads will have to roll, because this is outrageous," Patel said.

Ex-general counsel Kent Roberts is accused of backdating stock options beginning in 2000, the <u>Wall Street Journal</u> reports in its story on the flap (sub. req.). Roberts claims in his defense that he relied on the controller, Terry Davis, in backdating stock options grants.

Roberts' lawyer, Stephen Neal of Cooley Godward Kronish, says the e-mails show Davis was extensively involved in changing a stock options grant Roberts received in 2000. However Beeler said the documents could also aid the prosecution because they provide more detail about the context of Roberts' grant.

McAfee issued a statement saying the company "is as surprised as anyone by this turn of events."

"We reviewed literally terabytes of data, and responded with extensive document production," the statement said. "It is our policy to comply fully with any document request. We have continued to respond promptly to all subsequent requests, and when documents were discovered this week, we immediately produced them."

Neal argued that the failure to turn over the e-mails is part of an effort by McAfee to pin the blame on Roberts and avoid paying his legal fees, the <u>Daily Journal</u> reports. (sub. req.). He said it "defies credibility" to say the e-mails were not withheld intentionally.

Copyright 2014 American Bar Association. All rights reserved.