# EXHIBIT 6

EXHIBIT 6

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,             :
                                      :
            -v-                       :      11 Cr. 907 (JSR)
                                      :
RAJAT K. GUPTA,                       :      MEMORANDUM ORDER
                                      :
            Defendant.                :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

In imposing sentence on defendant Rajat Gupta on October 24, 2012, the Court deferred its determination of the appropriate amount of restitution due the victims of Gupta's offenses for up to 90 days (i.e., until January 22, 2013) as permitted by federal law. See 18 U.S.C. § 3664(d)(5). As it turned out, only The Goldman Sachs Group, Inc. ("Goldman Sachs") requested restitution, but the relevant parties -- i.e., Goldman Sachs, the Government, and Gupta -- requested extended time to brief the issue, which, when coupled with the time necessary for the Court to review their submissions, required the Court to extend its ruling even beyond the 90 days. Such an extension beyond the ninety-day statutory period is permitted where, as here, the extension causes no actual prejudice to the defendant. See United States v. Douglas, 525 F.3d 225, 252-53 (2d Cir. 2008). The parties agree that an extension is permitted in this case and expressly waived the ninety-day requirement during oral

argument. See Transcript of Oral Argument, January 4, 2013 at 34. The Court now issues its ruling.

The restitution Goldman Sachs seeks is the $6,909,137.32 in legal fees that it paid to Sullivan & Cromwell LLP in connection with this case and related matters.[1] The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, mandates restitution in a fraud case like this where "an identifiable victim or victims has suffered a . . . pecuniary loss." 18 U.S.C. § 3663A(c)(1)(A)(ii)-(c)(1)(B). Such recovery may include, inter alia, "necessary . . . other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4). The statute also provides that restitution is not mandatory if the Court finds that "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." 18 U.S.C. § 3663A(c)(3)-(c)(3)(B).

It is now settled in the Second Circuit that the "necessary . . . other expenses" contemplated by § 3663A(b)(4) may include attorneys' fees, United States v. Amato, 540 F.3d 153, 159-60 (2d Cir. 2008), provided that the Court finds, by a preponderance of the

---

[1] Goldman Sachs has withdrawn its request for restitution of a portion of Gupta's salary and its request for legal fees related to a "Section 16(b)" proceeding against Gupta.

evidence, that such expenses were necessary; that they were incurred while participating in the investigation, prosecution, or attendance at proceedings regarding the offense; that they were incurred by a "victim" as defined by the Act; and that they do "not require unduly complicated determinations of fact." Id. at 160.

In support of its request for restitution, Goldman Sachs submitted 542 pages of billing records from its counsel, Sullivan & Cromwell. The billing records include time billed for "legal services and advice relating to Gupta's conduct," which Goldman Sachs further describes as involving "fact-finding regarding Gupta's conduct, representing the Firm and its directors, officers, and employees in responding to criminal and regulatory enforcement investigations and the resulting prosecutions of Gupta and his tippee, Raj Rajaratnam, and providing other legal services that were are direct by-product of Gupta's conduct." Non-Party The Goldman Sachs Group, Inc.'s Mem. of Law in Supp. of its Req. for Restitution ("Goldman Mem.") at 2.

Gupta resists an order of restitution in the amount Goldman Sachs is requesting on several grounds. Chief among them is Gupta's argument that, under the MVRA, "Goldman is entitled to restitution of only those fees it can demonstrate were necessarily incurred in connection with specific requests by the government . . . or were otherwise required to be done . . . in the investigation or prosecution of the Gupta case." Def. Rajat K. Gupta's Mem. in Opp'n to the Req. for Restitution ("Gupta Mem.") at 3 (citing United States

3

v. Papagno, 639 F.3d 1093, 1100 (D.C. Cir. 2011)). This premise, buttressed principally by cases from outside the Second Circuit, leads Gupta to the conclusion that all fees that Goldman Sachs incurred in connection with the SEC v. Gupta and United States v. Rajaratnam cases must be excluded from any restitution award. The Court disagrees both with the legal premise and with Gupta's application of it to the facts here pertinent.

As the D.C. Circuit expressly recognized in the Papagno case, the Second Circuit has taken a very broad view of what, under the MVRA, may compose a "necessary" link between the offense and the victims' expenses. See Papagno, 639 F.3d at 1101. The Second Circuit has similarly taken a broad view of what meets the requirement that the expenses be incurred during participation in the investigation, the prosecution of the offense, or during attendance at proceedings related to the offense. See Amato, 540 F.3d at 162. While the Second Circuit has purposely eschewed formulating a precise test for determining whether these various linkages are satisfied, this Court has no difficulty in concluding, by a preponderance of evidence, that nearly all of the expenses Goldman Sachs here claims were the necessary, direct, and foreseeable result of the investigation and prosecution of Gupta's offense of conviction and thus well within the statute's coverage as interpreted by the Second Circuit. These include expenses incurred during Goldman Sachs's internal

4

investigation into Gupta's conduct, see Amato, 540 F.3d at 162-63,[2] as well as expenses incurred for work related to Goldman Sachs's advancement of Gupta's legal fees, see United States v. Skowron, 839 F. Supp. 2d 740, 748-49 (S.D.N.Y. 2012). The Court also finds that legal fees incurred by Goldman Sachs to attend this post-verdict restitution proceeding (for which the Court permitted briefing and ordered certain disclosures of billing records) are recoverable under the statute as well.

Two broad categories of Goldman Sachs's expenses merit special attention: Goldman Sachs's fees incurred during its participation in the parallel SEC cases against Gupta and its fees incurred in connection with this case during the pendency of the criminal prosecution of Raj Rajaratnam.

Turning to Goldman Sachs's expenses arising from the parallel SEC case against Gupta, Gupta argues that the attorneys' fees Goldman Sachs incurred in the parallel civil enforcement proceeding, Securities and Exchange Commission v. Gupta, No. 11 Civ. 7566 (JSR), should not be subject to restitution under the MVRA, because the Government has asserted, and continues to assert, that the "[SEC and USAO] investigations were separate and independent." See Gupta Mem.

---

[2] Goldman Sachs has represented to the Court that the expenses it seeks "relate only to its investigation of Gupta's conduct, not to that of other Firm employees." Goldman Mem. at 10 n. 2. This request for restitution is therefore different from cases on which Gupta relies for a number of his objections, such as United States v. Donaghy, 570 F. Supp. 2d 411 (E.D.N.Y. 2008).

5

at 11-12. But Goldman Sachs is not bound by the Government's assertion and, more importantly, it has been expressly rejected by this Court, which long ago concluded that "the USAO and the SEC jointly investigated defendant Gupta's alleged ties to the Galleon web of insider trading led by Rajaratnam." United States v. Gupta, 848 F. Supp. 2d 491, 493 (S.D.N.Y. 2012).

Moreover, the Court reconfirms that finding with respect to any connection relevant to restitutionary recovery. The parties do not dispute that both cases involve overlapping allegations of insider trading, and that the SEC's civil case against Gupta rests on essentially the same conduct that resulted in his criminal conviction by a jury on June 15, 2012. Given that the relevant enquiry under the MVRA is whether the expenses are "related to participation in the investigation . . . of the offense," 18 U.S.C. § 3663A(b)(4), "[a]ny other conclusion would create an artificial and unrealistic distinction between SEC civil investigations and criminal prosecutions of securities fraud . . . . . Particularly in this district, the cases are legion where parallel civil investigations and criminal prosecutions of securities fraud target the same wrongdoers." Skowron, 839 F. Supp. 2d at 749.

Turning to Gupta's opposition to making restitution for Goldman Sachs's legal fees incurred in connection with the Rajaratnam case, Gupta argues, again drawing from the D.C. Circuit's analysis in Papagno, that the MVRA permits recovery only for the "singular"

offense of conviction. Gupta Mem. at 13 (quoting Papagno, 639 F.3d at 1097). Thus, Gupta argues, legal fees that Goldman Sachs incurred by participating in the Government's investigation in United States v. Rajaratnam must be excluded from the Court's restitution sentence, "whatever factual overlap may exist between the two cases." Id. And here again, Gupta relies on the Government's assertion, made in a letter to the Court that was part of the Gupta pre-trial motion practice, that "it was only *after* the Rajaratnam trial . . . that the USAO's criminal investigation into Gupta's conduct kicked into high gear." Gupta Mem. at 7 (quoting, in part, Dkt. No. 34 at 4) (internal quotation marks omitted).

But here again, Goldman Sachs is not bound by the Government's assertions. And, in any event, Gupta's argument ignores the glaring fact that in the instant case Gupta was convicted of conspiring with Rajaratnam to commit securities fraud, thus confirming the relevance of the Rajaratnam investigation, at all its stages, to the instant case. Furthermore, the notion that Goldman Sachs may only recover expenses related to the "high gear" phase of the United States Attorney's investigation and prosecution of Gupta finds no basis in the MVRA: whether the investigation was in high or low "gear," Goldman Sachs is entitled to restitution so long as the expenses were necessary and related to its participation.[3]

---

[3] The Court also rejects Gupta's terse but related argument, offered without citation to any legal authority, that Goldman Sachs's decision not to seek restitution from Rajaratnam

7

Next, Gupta argues that his acquittal of certain counts of insider trading limits his obligation to make restitution because "[t]he conspiracy of which Mr. Gupta was ultimately convicted was narrower than that for which he was investigated and prosecuted." Gupta Mem. at 17. Gupta's argument is foreclosed by controlling precedent. In United States v. Boyd, 222 F.3d 47 (2d Cir. 2000), the Second Circuit read the MVRA's definition of "victim" to accord with that of the Victim Witness Protection Act, which "provide[s] for restitution payable by all convicted co-conspirators in respect of damage suffered by all victims of a conspiracy, regardless of the facts underlying counts of conviction in individual prosecutions." Id. at 50.

Gupta's last substantial challenge to an award of restitution is that Goldman Sachs has not met its "burden" to properly document its fees and, relatedly, that the vagueness and volume of the billing records have made the determination of restitution so "unduly complicated" as to make the award of restitution no longer mandatory under §3663A(c)(3)(B). Gupta Mem. at 5-7, 18-19. Gupta relies principally on one non-binding case from the Eastern District of New

---

"preclude[s] it from seeking restitution now . . . ." Gupta Mem. at 13. The statute imposes no such requirement, and, indeed, expressly provides both that "[n]o victim shall be required to participate in any phase of a restitution order," 18 U.S.C. § 3664(g)(1), and that "[i]n no case shall the fact that a victim . . . is entitled to receive compensation . . . from . . . any another source be considered in determining the amount of restitution," 18 U.S.C. § 3664(f)(1)(B).

8

York for the proposition Goldman Sachs is not entitled to restitution for its expenses under the statute until it "supplement[s]" its bills with "affidavits from outside counsel that would allow the Court to differentiate between reimbursable and non-reimbursable expenses . . . ." Id. at 5; see also Letter of Dec. 27, 2012 at 2 ("Goldman's failure to submit any sworn declarations separating out those fees associated with assisting the government . . . from those fees which are no compensable requires that its restitution application be denied.") (citing United States v. Battista, 575 F.3d 226 (2d Cir. 2009)). Furthermore, Gupta argues, even if the documentation were sufficient, the "volume and vagueness of [Goldman's] billing records renders any calculation of reimbursement 'unduly complicated.'" Id. at 19.

The Court finds that neither assertion is supported by the record. First, Goldman Sachs has provided a voluminous disclosure of its legal fees, and Gupta has raised no colorable challenge to the veracity of the records. Notwithstanding the assertions in Gupta's briefing, Battista directs no contrary result, as that case both reaffirmed the holdings of Amato on which this Court relies and unremarkably found no error in a district court's finding that "attorneys' fees associated with counseling the [victim] on its public response" were not recoverable as an "investigation cost." Battista, 575 F.3d at 234. Moreover, despite their volume, Goldman Sachs's time entries specify the work performed with sufficient

9

particularity to assess what was done, how it was done, and why it was done. Indeed, after careful review of Goldman Sachs's bills, the Court has identified a small number of time entries that should be excluded because they relate to post-conviction deposition preparation for civil cases, and has also noticed that on a few occasions, the number of attorneys staffed on a task -- while perhaps perfectly appropriate on the assumption that Goldman Sachs wished to spare no expense on a matter of great importance to it -- exceeded what was reasonably necessary under the MVRA. While the total of these excludable items is only about nine percent of the total claimed, the Court, in an excess of caution, will exclude ten percent, in case it has somehow missed any excludable entry. Put more affirmatively, the Court finds that Goldman Sachs has proved by a preponderance of the evidence that ninety percent of its tendered expenses were both necessary and incurred during its participation in the investigation and prosecution of the offense of conviction.

Finally, Gupta's counsel argues, in one sentence of Gupta's brief, that since Goldman Sachs's board of directors terminated approximately $1,000,000 worth of his Restricted Stock Units ("RSUs") and options following his conviction, the board has "forfeited to itself" his compensation. This amount, Gupta argues, "should be a credit against any restitution the Court may order." Gupta Mem. at 20-21. The Court declines to award Gupta a setoff for the value of the terminated RSUs and options. Though the Court need not reach the

10

issue, RSUs and options could have been subject to restitution in this proceeding had the Goldman Sachs board not decided to revoke them and to voluntarily withdraw its claim for restitution of salary. See United States v. Bahel, 662 F.3d 649 (2d Cir. 2011); Skowron, 839 F. Supp. 2d at 749-52. In any event, the MVRA narrowly defines the amount of reduction in restitution to which a defendant is entitled as "any amount later recovered as compensatory damages for the same loss by the victim in any Federal civil proceeding; and any State civil proceeding, to the extent provided by the law of the State." See 18 U.S.C. § 3664(j)(1). The Court declines to read a broader entitlement to setoff into the statute, the focus of which is avowedly "on the victim's loss and upon making victims whole." Battista, 575 F.3d at 229.

Accordingly, having carefully considered the parties' arguments and the record developed by Goldman Sachs in support of its request for restitution, the Court hereby orders that Rajat Gupta pay restitution in the amount of $6,218,223.59 to Goldman Sachs. The Court will forthwith issue an amended judgment of conviction reflecting this determination.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
February 25, 2013

11